# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| FRANK SERRINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-8841 |
| | ) | |
| SHANE FLYNN, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's motion for leave to file a second amended complaint [67], in which Plaintiff alleges that Defendant breached a settlement agreement that was executed on January 2, 2015. Defendant challenges the motion on the basis of futility, arguing that the amended pleading does not meet the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a). For the reasons stated below, the Court grants the motion for leave to file a second amended complaint [67]. Having decided that Plaintiff may bring a new claim alleging a breach of the settlement agreement, the Court sets this case for a status hearing on 7/17/2015 at 10:15 a.m. to discuss the remaining motion to enforce the settlement agreement [61].

## STATEMENT

Plaintiff Frank Serrino and Defendant Shane Flynn were the primary equity investors in a marketing intelligence company called Goliath Solutions LLC. See [23], Am. Compl. at 2–3. Between 2011 and 2013, the company required additional funds to continue operating, and Plaintiff agreed to contribute his own funds to keep the venture afloat. In Count I, Plaintiff alleges that he loaned Defendant $108,000—which was Defendant's share of the money that Goliath needed—and that Defendant failed to repay him. See *id.* at 3–4. In Count II, Plaintiff alleges that in December of 2012, he and Defendant agreed that each would contribute the same amount to Goliath, up to an amount totaling $800,000. *Id.* at 5. Based on Defendant's promise to match the funds provided by Plaintiff, Plaintiff advanced a total of $328,000 to Goliath. Defendant allegedly contributed only $120,000 in breach of their agreement. *Id.* at 5–6.

Creditors eventually seized the company, causing Plaintiff to lose his investment and the funds that he advanced. Several months later, Plaintiff filed suit in this Court based on diversity jurisdiction. Plaintiff alleges that he resides in Illinois and that Defendant resides in Maine. See [23], Am. Compl. at 1. Plaintiff's alleged damages total $436,000. *Id.* at 4, 6.

On January 2, 2015, the parties executed a written settlement agreement and release (the "Settlement Agreement") pursuant to which Defendant was to pay Plaintiff the total principal

sum of $198,500 plus interest. [67], Mot. at 1. Under the Agreement, Defendant owed an initial payment of $108,000 on January 22, 2015 and an additional $90,500, plus interest, pursuant to a promissory note. *Id.* The promissory note states that the additional $90,500 is to be paid in eighteen monthly installments of $5,229 each, beginning February 15, 2015. [67-1], Promissory Note. The Agreement further provides that Plaintiff must voluntarily dismiss the lawsuit with prejudice within ten business days of his receipt of the initial payment of $108,000. [67-1], Settlement Agreement ¶ 2.

On February 6, 2015, Plaintiff filed a motion to enforce the Settlement Agreement [61], in which he asserted that Defendant breached the Agreement by failing to make the initial payment; Plaintiff requests that the Court enter judgment in his favor for the entire settlement amount of $198,500, plus the attorney's fees incurred to enforce the Agreement. Thereafter, Plaintiff moved for leave to file a second amended complaint [67] based on Defendant's breach. Count I of the proposed second amended complaint alleges that Defendant breached the Agreement by paying Plaintiff, to date, only $64,981.98. [69-1], Sec. Am. Compl. ("SAC") at 2. Plaintiff alleges that the principal sum of $133,518.02 still is due under the Agreement and that he has been damaged by that amount. *Id.* at 2–3. Count II is pleaded in the alternative to Count I and re-alleges the original breach of contract claims that gave rise to the suit. Specifically, Plaintiff alleges that "[i]f for any reason the Court finds the Settlement Agreement (and the Promissory Note) unenforceable, plaintiff is entitled to collect on defendant's breaches of contracts, which were the subject matter of the Settlement Agreement[.]" *Id.* at 3.

In general, motions for leave to amend a complaint are freely granted "where justice so requires." Fed. R. Civ. P. 15(a)(2). The Seventh Circuit teaches that leave to amend should be given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n.*, 377 F.3d 682, 687 (7th Cir. 2004) (citation omitted). Futility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits. See *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) ("[A]n amendment may be futile when it fails to state a valid theory of liability or could not withstand a motion to dismiss."). Courts "may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013).

Defendant argues that leave to amend should be denied as futile, because the amount in controversy requirement of 28 U.S.C. § 1332(a) is not met. Although Plaintiff alleges that he has been damaged by Defendant's breach of the Settlement Agreement in the amount of $133,518, [69-1], SAC at 3, Defendant argues that only $43,018.88 is due on the initial payment and that he is current on the other installment payments that are due under the promissory note. According to Defendant, the amount in controversy in the second amended complaint should be construed as the remaining balance on the initial payment, which is only $43,018 and less than the $75,000 amount required under § 1332(a). Defendant further argues that the amended complaint "seeks to accelerate the entire Settlement Amount when neither party contemplated such relief for an alleged default of the Initial Payment only[.]" [68], Def.'s Resp. at 2. Plaintiff

2

concedes that Defendant has made some payments—namely an initial payment of $59,731 on February 13, 2015 and another payment of $5,250 on February 25, 2015—but explains that he still seeks $133,518.02 in Count I (the full amount of the settlement, less the payments already made by Defendant). [69], Reply at 6.

Plaintiff first argues that the amount in controversy requirement is met because his original complaint put more than $75,000 at issue. Although it generally is true that "jurisdiction once properly invoked is not lost by developments after a suit is filed," there are "exceptions to th[at] principle," including when "the plaintiff pleads amends away jurisdiction in a subsequent pleading[.]" *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010). See also *Rockwell Int'l Corp. v. U.S.*, 549 U.S. 457, 473–74 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."). Plaintiff accordingly cannot rely on his original or amended complaint to satisfy the amount in controversy requirement of 28 U.S.C. § 1332. He instead must sufficiently allege in his proposed second amended complaint that the jurisdictional amount is met.

The Court accordingly looks to the allegations of the proposed complaint to determine whether they put more than $75,000 at issue. "Generally the amount in controversy claimed by a plaintiff in good faith will be determinative on the issue of jurisdictional amount[.]" *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995). "[J]urisdiction will be defeated only if it appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000." *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011). "[I]t is the *case,* rather than the *claim*, to which the $75,000 minimum applies. Therefore, so long as the amount in controversy requirement is satisfied with respect to one count or the proper aggregation of counts * * * for each defendant, our analysis may stop." *LM Ins. Corp. v. Spaulding Enter., Inc.*, 533 F.3d 542, 548 (7th Cir. 2008) (internal quotation marks and citations omitted) (emphasis in original).

Here, even if Defendant is correct that the Court should construe Count I as only putting the unpaid balance of the initial payment at issue (approximately $48,000 according to the figures provided by Plaintiff), Plaintiff's proposed amended complaint still meets the amount in controversy requirement. In particular, under the Settlement Agreement, Plaintiff only is obligated to dismiss the lawsuit "[w]ithin ten business days of [his] receipt of the principal sum of $108,000" due on January 22, 2015. [67-1], Settlement Agreement ¶ 2. The lawsuit was not dismissed and still is pending, of course, due to Defendant's admitted failure to make the full initial payment. Thus, the proposed allegations simply add a new claim to the original breach of contract claims, which put more than $400,000 in controversy. See [23], Am. Compl. ¶¶ 4, 6. Because the jurisdictional amount is met by virtue of the claims that still are pending, the additional allegations regarding Defendant's breach of the Settlement Agreement—arguably by an amount less than $75,000—do not defeat § 1332's amount in controversy requirement. See *LM Ins. Corp.*, 533 F.3d at 548 ("[S]o long as the amount in controversy requirement is satisfied with respect to one count * * * for each defendant, our analysis may stop.") (internal citations omitted).[1]

---

[1] As Defendant points out, the Settlement Agreement also provides for the mutual release of any claims, including claims asserted in the lawsuit. The mutual release clauses do not appear to be conditioned on

Defendant nonetheless contends that the jurisdictional amount cannot be satisfied by Count II because it is pleaded in the alternative to Count I; Defendant provides no case law in support of that argument, however. The Court's own research indicates that in certain circumstances, claims that are pleaded in the alternative should not be *aggregated* in order to meet the amount in controversy requirement. In particular, a single claim that simply is pleaded under separate legal theories should not be aggregated for jurisdictional purposes. *Holmes v. Boehringer Ingelheim Pharm., Inc.*, 158 F. Supp. 2d 866, 868 (N.D. Ill. 2001). This applies where "two or more claims are alternative theories of recovery for the same harm." *Gallo v. Homelite Consumer Prod.*, 371 F. Supp. 32 943, 947 (N.D. Ill. 2005). See also *Marchionna v. Ford Motor Co.*, 1995 WL 476591, at *8 (N.D. Ill. Aug. 10, 1995) ("Aggregation of th[e] two claims is not appropriate because they are alternative, not cumulative, theories of relief.").

Here, however, there is no need to aggregate Counts I and II to reach the jurisdictional amount, as the allegations that comprise Count II satisfy § 1332(a) on their own. In addition, the allegations that comprise the breach of settlement agreement claim do not merely allege an alternative theory of recovery for the same harm. Rather, they allege a new harm—breach of the Settlement Agreement—that is distinct from the harm that is alleged in Count II—breaches of contracts associated with funds that Plaintiff loaned to Defendant and advanced to Goliath.

### Conclusion

For all of the reasons stated above, the Court concludes that the proposed second amended complaint is not futile. Plaintiff's motion for leave to file his second amended complaint [67] therefore is granted. This case is set for a status hearing on 7/17/2015 at 10:15 a.m.

Dated: July 8, 2015

_____
Robert M. Dow, Jr.
United States District Judge

---

Defendant making the initial payment. See [67-1], Settlement Agreement ¶¶ 3, 4. As already described, however, the Settlement Agreement specifically states that Plaintiff agrees to file a notice of voluntary dismissal of the lawsuit within ten business days of Defendant's initial payment of $108,000. The Court accordingly concludes that the parties did not intend for Plaintiff to dismiss his complaint until receipt of the initial payment (as opposed to upon execution of the Settlement Agreement) despite the mutual release provisions in the Agreement. See *Kelly v. McGraw-Hill Companies, Inc.*, 865 F. Supp. 2d 912, 919 (N.D. Ill. 2012) ("It is well established that, where an inconsistency exists in a contract, a more specific provision controls over a more general one.") (quoting *Nationwide Mut. Fire Ins. Co. v. T & N Master Builder & Renovators*, 355 Ill. Dec. 173 (2d Dist. 2011); *Countryman v. Industr. Com'n*, 292 Ill. App. 3d 738, 742 (2d Dist. 1997) ("Pertinent rules of construction provide that where an ambiguity exists in a contract due to a conflict between two of its provisions, the more specific provision relating to the same subject matter controls over the more general provision.").